[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2007
THOMAS K. KAHN
CLERK

No. 07-10783
Non-Argument Calendar

_____

D. C. Docket No. 06-00055-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELMO ANTONIO ALVARADO-FORBES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 7, 2007)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Elmo Antonio Alvarado-Forbes appeals his sentence

of 135 months' imprisonment for conspiracy to possess and possession with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 U.S.C. app. § 1903(a), (g), (j); 21 U.S.C. § 960(b)(1)(B)(ii); and 18 U.S.C. § 2.  After review, we affirm.

## I.  BACKGROUND

While on routine counter-drug patrol with the United States Coast Guard ("USCG"), the British Naval Vessel HMS Southhampton spotted a possible target, the M/V Rampage, a Panamanian-flagged vessel.  Pursuant to a consent to board agreement, the USCG team boarded the vessel and discovered 118 bales of cocaine, weighing 3,393.4 kilograms.  Defendant Alvarado-Forbes was one of five crew members on board and was the vessel's motorman.

The Presentence Investigation Report (PSI") assigned Alvarado-Forbes a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(a)(3) and (c)(1), based on the 3,393.4 kilograms of cocaine found on the vessel.  The PSI reduced Alvarado-Forbes's offense level by two levels, pursuant to U.S.S.G. § 2D1.1(b)(9), because Alvarado-Forbes met the safety-valve criteria, and by three levels, pursuant to U.S.S.G. § 3E1.1(a) and (b), for acceptance of responsibility.  With a total offense level of 33 and a criminal history category of I, the PSI recommended an advisory guidelines range of 135 to 168 months' imprisonment.

2

At sentencing, Alvarado-Forbes objected to the PSI's failure to recommend a mitigating-role reduction pursuant to U.S.S.G. § 3B1.2. The district court overruled his objection, noting that "3393.4 kilograms of cocaine is no small amount." The district court concluded that Alvarado-Forbes was an "average participant" in the drug importation conspiracy and that there was no basis for a mitigating-role reduction.

The district court adopted the PSI and imposed an 135-month sentence. Alvarado-Forbes filed this appeal.

## II. DISCUSSION

On appeal, Alvarado-Forbes argues that the district court erred by denying him a minor or minimal-role reduction because he was merely a mariner on the vessel and not an organizer or leader.[1]

A minor participant is one "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. A minimal participant is one who "plays a minimal role in concerted activity" and "is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2 cmt. n.4. The defendant has the burden to establish his role in the offense by a preponderance of the

---

[1]We review a district court's determination of a defendant's role in the offense for clear error. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).

3

evidence.  United States v. De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

In determining whether a minor-role reduction applies, the district court considers two principles: (1) the defendant's role in the offense compared to the relevant conduct attributed to him in calculating his base offense level; and (2) the defendant's role compared to that of other participants in the offense.  Id. at 940-45.  When relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to a broader scheme for which he was not held accountable.  Id. at 941.  Furthermore, "in the drug courier context, . . . the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct . . . . [and] may be dispositive – in and of itself – in the extreme case."  Id. at 943.

Here, the district court did not clearly err in denying Alvarado-Forbes a minor-role reduction.  Under the first prong of De Varon, the district court held Alvarado-Forbes accountable only for his actual conduct of participating in the smuggling of the 3,393.4 of cocaine on the M/V Rampage.  He was not held accountable for a broader drug conspiracy.  In addition, the substantial amount of cocaine on the vessel was a material consideration.

Under the second prong of De Varon, Alvarado-Forbes was at least as

4

culpable as the other members of the vessel's crew who participated in the smuggling conspiracy. Alvarado-Forbes claims on appeal that his sole purpose on the vessel was "to be a live body on a boat" and "to make the vessel look like a fishing vessel . . . ." Alvarado-Forbes failed to present any evidence to support this claim at sentencing. See United States v. Trainor, 376 F.3d 1325, 1334 n.5 (11th Cir. 2004) ("[A] defendant must provide evidence regarding mitigating circumstances to support a district court's downward departure."). Furthermore, even assuming arguendo that this was Alvarado-Forbes's purpose on the vessel, it would not make him a minor participant because concealing the illegal nature of the vessel's cargo would be vital to the success of the smuggling scheme.[2]

Alvarado-Forbes also complains that the district court did not consider on the record all of the factors listed in U.S.S.G. § 1B1.3(a)(1) through (4) relating to Alvarado-Forbes's relevant conduct. See U.S.S.G. ch.3, pt. B, introductory cmt. ("The determination of a defendant's role in the offense is to be made on the basis of all conduct with the scope of § 1B1.3 (Relevant Conduct), i.e., all conduct included under § 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction."). However, there is no requirement that the district court explicitly consider on the record all relevant conduct falling within

_____

[2]Because Alvarado-Forbes is not entitled to a minor-role adjustment, he is also not entitled to a minimal-role adjustment. See U.S.S.G § 3B1.2 cmt. n.5.

U.S.S.G. § 1B1.3(a)(1)-(4).  See <u>De Varon</u>, 175 F.3d at 940 ("[A] district court is not required to make any specific findings other than the ultimate determination of the defendant's role in the offense.").

**AFFIRMED.**